```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 HARRISON DIVISION
```

**ROSE L. FREEMAN AND JOHN SCOTT**                              PLAINTIFFS

        v.        Civil No. 06-3009

**RON KINCADE, In his Official Capacity
as Boone County, Arkansas, Prosecutor
and in his Personal Capacity;
WES BRADFORD, In his Official Capacity
as Boone County, Arkansas, Deputy
Prosecutor and in his Personal Capacity;
DANNY HICKMAN, In his Official Capacity
as Boone County, Arkansas, Sheriff and
in his Personal Capacity;
JAMES D. WESSELLS, In his Official Capacity
as Boone County, Arkansas, Deputy Sheriff/
Investigator and in his Personal Capacity;
JAMES L. WHITE, In his Professional Capacity
as Harrison Arkansas Daily Times Staff and
in his Personal Capacity;
D. JEFF CHRISTENSON, In his Professional
Capacity as Harrison Arkansas Daily Times
Publisher and in his Personal Capacity**                        DEFENDANTS

## O R D E R

Now on this 9th day of May, 2006, comes on for consideration the **Motion To Dismiss** (document #18) of separate defendants Ron Kincade and Wes Bradford, to which plaintiffs have made no response, and from said motion, and an examination of the Complaint, the Court finds and orders as follows:

    1.   Plaintiffs' Complaint alleges that they suffered damages arising out of a wrongful arrest and prosecution of plaintiff Scott for failing to register as a sex offender, and out of a course of persecution said to have been visited upon them because they are a white woman and a black man involved in a relationship.

The wrongs complained of are said to arise under **28 U.S.C. §1983**, for violations of plaintiffs' rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution; and **18 U.S.C. §1961 et seq.**, the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2. Movants are the Prosecutor (Ron Kincade) and Deputy Prosecutor (Wes Bradford) of Boone County, Arkansas. They contend that they are entitled to absolute sovereign and prosecutorial immunity; that plaintiffs have failed to state a RICO claim as against them; and that plaintiffs failed to properly obtain service on Kincade in his individual capacity.

3. An examination of the Complaint reveals the following factual allegations pertinent to Kincade and Bradford:

* That Kincade was at all relevant times the Boone County, Arkansas, Prosecutor.
* That Bradford was at all relevant times the Boone County, Arkansas, Deputy Prosecutor.
* That on July 27, 2005, Kincade and Bradford gave notice of prosecuting Scott for not registering as a sex offender, and requested an "additional bond amount" of $2500," but "would not give record or accountability" of a $50,000 bond Scott "posted and paid" on July 12, 2005.
* That Kincade and Bradford falsely prosecuted Scott for not registering as a sex offender and as a habitual

offender.

* That Kincade and Bradford had resources available to them to verify whether Scott was a sex offender.
* That Kincade and Bradford falsely arrested family members and friends of the plaintiffs.
* That Kincade and Bradford had inadequate policies and practices in place for initiating writs of execution and verifying information relevant thereto.
* That Kincade was responsible for the operation of the Boone County Prosecutor's Office; for the "safety and well-being of the suspects being arrested, detained or executed upon" by the Boone County Prosecutor's Office; and for the "establishment, dissemination and enforcement of policies and procedures" for arrest, detention, and bond; and that he failed to "provide minimally acceptable standards" of same.
* That Kincade was responsible for "training, supervision, control, discipline and hiring and firing of personnel . . . commissioned with the power of arrest including . . . Bradford," and failed to supervise his employees.
* That the conduct of Kincade and Bradford was a proximate cause of Scott's arrest and resultant damages.
* That Kincade and Scott, acting in concert with other defendants, knowingly made efforts to circumvent justice

by advocating and implementing a "tidal wave" of fear, intimidation, humiliation, and threats of violence against the plaintiffs.

4. In Arkansas, the county prosecuting attorney is the state official designated to "commence and prosecute all criminal actions in which the state or any county in his district may be concerned." **A.C.A. §16-21-103**. Deputy prosecuting attorneys likewise prosecute criminal charges on behalf of the state. **A.C.A. §16-21-113**. Because prosecutors and deputy prosecutors function as arms of state government, a suit against them for actions taken in their official capacity is the same thing as a suit against the state. **Kentucky v. Graham, 473 U.S. 159 (1985)**.

All of the allegations in the Complaint, as against Kincade and Bradford - with the exception of the allegation that they participated in a scheme to spread a "tidal wave" of fear, intimidation, humiliation, and threats of violence against the plaintiffs - are allegations as to their conduct as state officials. The Court thus construes all the claims against the movants, with the one exception, as claims levied against them in their official capacities only.

The **Eleventh Amendment** to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State." This limitation has been held to extend to suits brought against a state by its own citizens. **Skelton v. Henry**, 390 F.3d 614 (8th Cir. 2004). While exceptions to Eleventh Amendment immunity exist, plaintiffs suggest none applicable to this case, and the Court perceives none. The Court, therefore, concludes that, with the single exception noted, plaintiffs' claims against Kincade and Bradford must be dismissed on the basis of Eleventh Amendment immunity.

5. The Court construes the allegation that Kincade and Bradford engaged in spreading a "tidal wave" of fear, intimidation, humiliation, and threats of violence against the plaintiffs as an allegation that plaintiffs, acting in their personal capacities, committed a RICO violation. Kincade and Bradford move to dismiss this claim for failure to state a claim, pursuant to **F.R.C.P. 12(b)(6)**.

It is axiomatic that a complaint should not be dismissed pursuant to **Rule 12(b)(6)** unless - viewing the allegations of the complaint in the light most favorable to them - the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. **Krentz v. Robertson Fire Protection District**, 228 F.3d 897 (8th Cir. 2000).

To establish a RICO violation, plaintiffs must prove
(1) that an enterprise existed; (2) that the enterprise

affected interstate or foreign commerce; (3) that the defendant associated with the enterprise; (4) that the defendant participated, directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that the defendant participated in the enterprise through a pattern of racketeering activity by committing at least two racketeering (predicate) acts.

**U.S. v. Keltner, 147 F.3d 662 (8th Cir. 1998)**(citation and quotation marks omitted).

The Complaint at bar, even viewed in favor of plaintiffs, does not allege the existence of any enterprise connected with interstate commerce, but at most one which is wholly intrastate. In addition, the alleged conduct of Kincade and Bradford does not constitute "racketeering activity" as defined in **18 U.S.C. §1961.** Thus, even if plaintiffs prove all that they have alleged, they would fall short of proving that Kincade or Bradford engaged in conduct forbidden by RICO. For this reason, the Court concludes that plaintiffs' RICO claims against Kincade and Bradford are subject to dismissal for failure to state a claim.

6. Because the Court has determined that all claims against Kincade are subject to dismissal, it need not analyze Kincade's argument that he was not properly served with process in this matter.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss** (document #18) of separate defendants Ron Kincade and Wes Bradford is **granted,** and plaintiffs' claims against these two separate defendants are hereby **dismissed.**

**IT IS SO ORDERED.**

                                                /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**