```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 HARRISON DIVISION
```

ROSE L. FREEMAN AND JOHN SCOTT                               PLAINTIFFS

          v.            Civil No. 06-3009

RON KINCADE, In his Official Capacity
as Boone County, Arkansas, Prosecutor
and in his Personal Capacity;
WES BRADFORD, In his Official Capacity
as Boone County, Arkansas, Deputy
Prosecutor and in his Personal Capacity;
DANNY HICKMAN, In his Official Capacity
as Boone County, Arkansas, Sheriff and
in his Personal Capacity;
JAMES D. WESSELLS, In his Official Capacity
as Boone County, Arkansas, Deputy Sheriff/
Investigator and in his Personal Capacity;
JAMES L. WHITE, In his Professional Capacity
as Harrison Arkansas Daily Times Staff and
in his Personal Capacity;
D. JEFF CHRISTENSON, In his Professional
Capacity as Harrison Arkansas Daily Times
Publisher and in his Personal Capacity                       DEFENDANTS

                        O R D E R

   Now on this 17th day of July, 2006, comes on for consideration **Separate Defendants Ron Kincade And Wes Bradford's Motion For Entry Of Final Judgment** (document #32), to which no response has been filed, and the Court, being well and sufficiently advised, finds and orders as follows:

   1.  On May 9, 2006, the Court entered an Order dismissing separate defendants Ron Kincade ("Kincade") and Wes Bradford ("Bradford") from this case.  Kincade and Bradford now move for an entry of final judgment as to them, pursuant to **F.R.C.P. 54(b)**.  They argue that there is no reason for delay in doing so, and that entry of final judgment would "offer a more expeditious repose" to

them.

2.  **F.R.C.P. 54(b)** provides, in relevant part, that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon and express direction for the entry of judgment.

In the case at bar, there is more than one claim for relief, and there are also multiple parties. The case, therefore, falls within the class of cases addressed by **Rule 54**. The Court is not, however, persuaded that the order sought by Kincade and Bradford should be entered. The factual allegations regarding Kincade and Bradford are heavily intertwined with those against other defendants, and there is a possibility that if the Court were to enter such an order, the Eighth Circuit Court of Appeals might be called upon to address the same issues in various appeals. It is axiomatic that piecemeal appeals are not favored, and proper application of **Rule 54(b)** is important in preventing such appeals. **Little Earth of United Tribes, Inc. v. U.S. Department of Housing and Urban Development**, 738 F.2d 310 (8th Cir. 1984). The motion is, therefore, **denied**.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**