IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROSE L. FREEMAN AND JOHN SCOTT                                    PLAINTIFFS

            v.                    Civil No. 06-3009

DANNY HICKMAN, In his Official Capacity
as Boone County, Arkansas, Sheriff and
in his Personal Capacity;
JAMES D. WESSELS, In his Official Capacity
as Boone County, Arkansas, Deputy Sheriff/
Investigator and in his Personal Capacity;
JAMES L. WHITE, In his Professional Capacity
as Harrison Arkansas Daily Times Staff and
in his Personal Capacity;
D. JEFF CHRISTENSON, In his Professional
Capacity as Harrison Arkansas Daily Times
Publisher and in his Personal Capacity                           DEFENDANTS

                        O R D E R

     Now on this 8th day of January, 2007, come on for consideration

the **Motion For Judgment On The Pleadings Of Separate Defendants**

**James L. White And D. Jeff Christenson** (document #36) and the **Motion**

**For Summary Judgment** of defendants Danny Hickman and James D.

Wessels (document #38), and from said motions, and the responses

thereto, the Court finds and orders as follows:

     1.   Plaintiffs' Complaint alleges that they suffered damages

arising out of a wrongful arrest and prosecution of plaintiff Scott

for failing to register as a sex offender, and out of a course of

conduct said to have been visited upon them because they are a white

woman and a black man involved in a relationship.  The wrongs

complained of are said to arise under **42 U.S.C. §1983**, for

violations of plaintiffs' rights under the First, Fourth, Fifth,

Eighth, Ninth, and Fourteenth Amendments to the United States

Constitution; and **18 U.S.C. §1961 et seq.**, the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1]

Two defendants have been dismissed from the case, and the remaining defendants now each contend that they are entitled to dismissal of the claims as against them.

2.   The Court will take up the motions in the order presented. In order to do so, it will first be helpful to summarize the allegations of the Complaint, as they pertain to the movants.  The Complaint is a long, rambling, disorganized document, taking some 22 pages to assert what amounts to the allegation that Scott was wrongfully arrested on a charge of failing to register as a sex offender not because he was in fact a sex offender, but because he was a black man in a relationship with a white woman.  It jumps back and forth chronologically while making allegations that appear to run in chronological order.  It refers to the defendants as a group under circumstances where it is clear that fewer than all defendants are actually intended.[2]  Causes of action are mentioned or alluded to, even though the context of the document makes it apparent that no claims for the legal cause of action associated with those terms

---

[1]While plaintiffs also assert, in ¶2, that they invoke the pendant jurisdiction of the Court to hear claims arising under Arkansas law, the only such claim even colorably asserted is a claim of false imprisonment, set forth in Count IV.

[2]For example, ¶53 alleges that defendants, acting under color of state law, denied plaintiffs "professional care while Plaintiffs were in the custody of the Boone County Sheriff's Office and Defendant Jason Day."  There is no indication how White and Christenson, as employees of *The Harrison Daily Times*, could be responsible for treatment of Scott and Freeman in jail, nor is there any allegation that Freeman was even arrested.

is being asserted.[3]  However, by sifting through the document the Court has determined that a reasonable summary of the allegations as against the moving parties herein under consideration is as follows:

* that on or about July 7, 2005, Scott was arrested by Boone County Sheriff Danny Hickman, on a charge of failure to register as a sex offender;

* that Scott was not a sex offender;

* that in December, 2005, the Circuit Court of Boone County, Arkansas, ordered the case against Scott dismissed, based on a ruling by the Eighth Circuit Court of Appeals;

* that on or about January 20, 2006, Hickman and Wessels placed a sign on Scott's door stating "John Scott you need to come to the Sheriff's Dept to Complete your Registry M-F 8-4 -- If you do not talk to you [sic] by 1-25-06 I will issue a warrant for your arrest.  JW 741-8404"[4];

* that on January 20, 2006, Hickman and Wessels arrested plaintiff Freeman's sons, with the purpose of harassing and intimidating Freeman and Scott because they have an interracial relationship;

* that White and Christenson published in *The Harrison Daily Times* a news article reporting false and unsubstantiated

---

[3]For example, ¶36 alleges that Hickman and Wessels falsely arrested Freeman's sons and a friend of the family, yet Freeman clearly has no standing to assert a claim on behalf of a "friend of the family," and there is no indication that she is asserting any claim on behalf of minor children.  The Sixth Amendment is recited in ¶47, but there is no allegation that would support a cause based thereon.

[4]As best the Court can determine, Scott was not arrested after this notice was placed on his door.  The arrest in question appears to be the one that took place in July, 2005.

information about Scott because of his relationship with Freeman, and that they failed to verify Scott's sex offender status;

* that Boone County failed to provide reasonable and necessary medical care to plaintiffs[5] while in jail;

* that defendants, acting in concert, "made efforts to circumvent justice by implementing and advocating a tidal wave of fear, intimidation, humiliation, and the continue [sic] spread of threat of violent [sic] against Plaintiffs";

* that Boone County had inadequate policies and practices to prevent the wrongful execution of process against citizens[6]; and

* that defendants associated in an "enterprise" and "participated in predicate acts of racketeering" with the intention of violating the civil rights of citizens by causing them to have to spend time and money on court appearances and fines; by discouraging thorough investigation of allegations of racial profiling and denial of due process; and by using "seemingly

---

[5]While the references in this regard are in the plural, to "plaintiffs," there is no allegation that Freeman was ever arrested.

[6]While this allegation is also levied against White and Christenson, and the allegations of the Complaint appear to be that White and Christenson were in some way responsible for the arrest of Scott, the Court disregards these allegations. Scott and Christenson are not alleged to be employees or agents of the Boone County Sheriff's Department, and thus have no responsibility for the development of appropriate arrest or detention policies by the Boone County Sheriff. Nor is there any allegation that Scott's arrest occurred because of any action by White or Christenson, such as a complaint about Scott made by either White or Christenson.

inconspicuous   probable   cause   reasons   to   make
investigations involving minorities and pro se litigants,"
thereby injuring plaintiffs in their business or property.

3.   Defendant James L. White ("White") is a reporter and
defendant D. Jeff Christenson ("Christenson") is the editor of *The
Harrison Daily Times*, a local newspaper.   These defendants are
alleged to have published an article about the arrest of Scott by
the Boone County Sheriff's Office for failing to register as a sex
offender.  White and Christenson move for judgment in their favor on
four bases:

* that, as a matter of law, they cannot be held liable on
  a **§1983** claim because they are not state actors;

* that plaintiffs lack standing to assert a RICO claim;

* that they cannot be held liable for defamation because
  Scott has admitted the truth of the article, or, in the
  alternative, because they are protected by the "fair
  report privilege";  and

* that the Complaint fails to state a claim upon which
  relief can be granted as against them.

4.   White and Christenson styled their motion as one for
judgment on the pleadings, leading plaintiffs to contest it on the
basis that the pleadings were not, at the time the motion was filed,
closed.  **F.R.C.P. 12(c)** allows for a motion for judgment on the
pleadings "[a]fter the pleadings are closed but within such time as
not to delay the trial."

-5-

The Court does not find it necessary to deny White and Christenson's motion on this basis, however, because -- notwithstanding its title -- the motion is also brought pursuant to **F.R.C.P. 12(b)(6)**, and may properly be resolved on that basis alone.

5.   The Court agrees that plaintiffs have failed to state a claim pursuant to **§1983** as against White and Christenson.   That statute provides a cause of action against a person who,

> under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

**42 U.S.C. §1983.**

"Acting under color of state law" requires action pursuant to some "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." **Parker v. Boyer, 93 F.3d 445 (8th Cir. 1996).**   There is neither allegation nor evidence that White or Christenson did anything pursuant to a "power possessed by virtue of state law," or that they are somehow "clothed with the authority of state law."   They were newspapermen, and as such cannot be held liable on the allegations made pursuant to **§1983**.   Their motion to dismiss those allegations will be granted.

6.   White and Christenson next contend that plaintiffs lack standing to assert a RICO claim because such a claim requires an allegation that some "injury to business or property" was caused by

a RICO violation.  **Asa-Brandt, Inc. v. ADM Investor Services, Inc.**, **344 F.3d 738 (8th Cir. 2003).**  The RICO count does, however, allege that "[p]laintiffs have been injured in their business or property by the conduct of Defendants," and seeks damages measured by "loss of benefits and income from termination of employment due to arrest and false imprisonment."

The Court finds the RICO count wanting for a different reason. As set forth in its Order dated May 9, 2006, to establish a RICO claim, plaintiffs must prove the existence of an enterprise affecting interstate or foreign commerce, **U.S. v. Keltner**, **147 F.3d 662 (8th Cir. 1998)**, and they have failed to allege such.  The RICO count -- as to all remaining defendants -- will, therefore, be dismissed.

7.  Finally, White and Christenson assert that they cannot be held liable for defamation because Scott admitted the truth of the article, or, in the alternative, because they are protected by the "fair report privilege," which protects a reporter from liability for reporting an official public action on a matter of public concern "if the report is accurate and complete or a fair abridgment of the occurrence reported," **Butler v. Hearst-Argyle Television, Inc.**, **345 Ark. 462, 467, 49 S.W.3d 116, 120 (Ark. 2001).**

Resolution of this issue is somewhat complicated by the fact that the Court does not have before it a legible copy of the article said to have been published in *The Harrison Daily Times.*  Appended to the Complaint is a copy of part of a page from a newspaper, but

it is undated, there is no indication what paper it is from, and the copy is illegible.[7] However, the tenor of the Complaint is that the article about which the plaintiffs complain reported that Scott was a sex offender.   This is alleged to be untrue.

Also appended to the Complaint is a copy of **U.S. v. Scott, 270 F.3d 632 (8th Cir. 2001),** a case involving the plaintiff Scott herein.   Plaintiffs take the position that this court opinion amounted to "a ruling and opinion . . . that Plaintiff John Scott was never arrested or charged with being a sex offender therefore, there was nor will be any reason to register as sex offender as [sic] any time," and that it "definitely cleared" Scott of being a sex offender.

The Court does not read **Scott** as favorably as the plaintiffs do, and in fact finds that it supplies the basis upon which their claim of defamation against White and Christenson must be dismissed. In that case Scott had challenged the application of certain conditions of supervised release to him when he was placed on supervised release following a conviction for armed bank robbery. The conditions were "tailored to sex offenses," and the Court of Appeals held that it was an abuse of discretion to attach them to Scott in the context of his supervised release for armed bank robbery.   The Court did not, however, find that Scott "was never arrested or charged with being a sex offender."   In fact, the

---

[7]Another exhibit to the Complaint is a document entitled "Harrison Daily Crimes," but this is clearly not a copy of a newspaper page, nor can the Court find any relationship to the allegations of the Complaint in its text.

opinion points out that in 1986 Scott was convicted of forcible rape and sodomy of his nine year old stepdaughter.  This is repeatedly described in the opinion as a "sexual offense."

This information, offered by the plaintiffs, persuades the Court that -- to the extent that the contours of the defamation claim can be determined from the allegations of the Complaint -- it is subject to dismissal.

8.   In their Motion For Summary Judgment, defendants Hickman and Wessels make three arguments:

* that Freeman has failed to state a claim upon which relief can be granted, because the Complaint makes no allegation of any denial of her rights by these defendants;

* that Scott cannot show a violation of his constitutional rights pursuant to any official policy, and therefore the claims against these defendants in their official capacity must be dismissed;  and

* that these defendants are entitled to qualified immunity as to the claims against them in their individual capacity.

9.   Summary judgment should be granted if the record, viewed in the light most favorable to the plaintiffs, and giving them the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and that Hickman and Wessels are entitled to judgment as a matter of law.  **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**.  Summary judgment is not appropriate unless all the

evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of Scott and Freeman. **Hardin v. Hussmann Corp.**, 45 F.3d 262 (8th Cir. 1995). The burden is on Hickman and Wessels to demonstrate the non-existence of a genuine factual dispute; however, once they have met that burden, Scott and Freeman cannot rest on their pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

10.  As to the first contention of Hickman and Wessels, that Freeman has failed to assert a claim upon which relief can be granted, the Court is in agreement.  While the Complaint is confusing and repetitive, when one sifts through it and sorts out what is really complained of, the focus is clearly on Scott rather than Freeman.  The allegations as to Freeman are basically that the things that happened to Scott occurred because he is a black man in a relationship with Freeman, a white woman.  Freeman, in her response to the motion of Hickman and Wessels, does not seriously contend for any claims asserted on her own behalf.  All of Freeman's claims against Hickman and Wessels will, therefore, be dismissed.[8]

11.  As to Scott's claims against Hickman and Wessels in their official capacity, it is axiomatic that such claims are, in essence, merely claims against their governmental employer, which cannot be

---

[8]The Court also notes that even if Freeman had mounted a contest to the motion, her claims would have to be dismissed for the same reasons that Scott's claims must be dismissed.

-10-

held liable for constitutional torts on a *respondeat superior* theory. There must be evidence that any constitutional tort was committed pursuant to a policy or custom of the governmental employer. **Monell v. Department of Social Services of City of New York**, 436 U.S. 658 (1978).

There is no evidence of such a policy or custom in this case. In addition, Hickman and Wessels offer the Affidavit of Wessels that he was contacted, in July, 2005, by Sheriff Jimmy Russell of Taney County, Missouri. Sheriff Russell informed Wessels that Scott had been registered as a sex offender in Taney County, and provided information that Scott had been convicted of sexual assault, rape, and sodomy in 1986. Russell told Wessels that Scott had last registered as a sex offender on September 7, 2004, and that he had received information that Scott had moved to Boone County, Arkansas.

On the basis of Russell's information, Wessels and Hickman caused Scott to be arrested for failing to register as a sex offender. Wessels further averred that when questioned in a post-Miranda videotaped interview, Scott admitted that he knew he was supposed to register as a sex offender.

The averments of Wessels' Affidavit -- which stand uncontroverted by plaintiffs -- prevent any inference favorable to the plaintiffs that Scott's arrest was pursuant to an unconstitutional policy or custom of the Boone County Sheriff's Department, because there was a legitimate basis for the arrest. The claims of Scott as against Hickman and Wessels in their official

-11-

capacity will, therefore, be dismissed.

12.  Hickman and Wessels claim that Scott's claims against them in their individual capacities are subject to dismissal on the basis of qualified immunity.  That doctrine protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  **Harlow v. Fitzgerald**, **457 U.S. 800, 818 (1982)**.

Two inquiries are made when the Court considers an issue of qualified immunity.  First, considered in the light most favorable to the plaintiff, do the alleged facts show the officer's conduct violated a constitutional or statutory right?  If so, was that right clearly established at the time of the alleged violation?  **Saucier v. Katz**, **533 U.S. 194, 201 (2001)**.

In the case at bar, the Court finds no evidence that the conduct of Hickman or Wessels -- arresting Scott on the basis of the information provided to them by Sheriff Russell -- violated a constitutional right.  The Constitution is satisfied if Hickman and Wessels had "arguable probable cause" to arrest Scott.  **Walker v. City of Pine Bluff**, **414 F.3d 989 (8th Cir. 2005)**.  The information conveyed by Sheriff Russell to Wessels clearly meets this standard, and thus Hickman and Wessels are entitled to qualified immunity.

Although the issue was not specifically raised by Hickman and Wessels, the Court has also considered whether Scott could survive summary judgment on his colorable claim of false imprisonment, and

-12-

finds that it could not.  Under Arkansas law, false imprisonment is defined as detention without sufficient legal authority.  **Limited Stores, Inc. v. Wilson-Robinson, 317 Ark. 80, 83, 876 S.W.2d 248, 250 (1994).**  The Affidavit of Wessels, to the effect that Sheriff Russell notified him that Scott was required to register as a sex offender and that Scott agreed that he fell into that category, is evidence of sufficient legal authority for Scott's detention.

**IT IS THEREFORE ORDERED** that the **Motion For Judgment On The Pleadings Of Separate Defendants James L. White And D. Jeff Christenson** (document #36) is **granted,** and plaintiffs' claims against these defendants are **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that the **Motion For Summary Judgment** of defendants Danny Hickman and James D. Wessels (document #38) is **granted,** and plaintiffs' claims against these defendants are **dismissed with prejudice.**

**IT IS SO ORDERED.**

     /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-13-